[Cite as *Hanna v. Ohio Dept. of Transp., Dist. 6*, 2011-Ohio-1954.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADEL H. HANNA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2010-10823-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Adel H. Hanna, filed this action against defendant, Department of Transportation (ODOT), contending that the tire on his 2009 Mercedes-Benz 350W sedan was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition of Interstate 71 South in Franklin County. In his complaint, plaintiff described his damage incident noting that he "was driving southbound on Interstate 71 in the left hand lane about 1 mile north of Route 665 and hit a pothole causing a left front tire blow out on" his automobile. Plaintiff recalled that the described incident occurred on August 24, 2010 at approximately 9:00 p.m. Plaintiff requested damage recovery in the amount of $350.33, the total cost of a replacement tire. The filing fee was paid.

**{¶ 2}** Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular pothole on the roadway prior to plaintiff's property damage occurrence. Defendant advised that the pothole plaintiff's vehicle struck was located "at county milepost 7.09 or state milepost 98.16 on I-71 in Franklin County." Defendant denied receiving any calls or complaints regarding a pothole at that location on Interstate 71 prior to plaintiff's August 24, 2010 property damage event.

Defendant suggested that, "it is likely the pothole existed for only a short time before the incident." Furthermore, defendant asserted that plaintiff did not produce any evidence to prove that his property damage was caused by negligent maintenance. Defendant explained that the ODOT "Franklin County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered at milepost 98.16 on Interstate I-75 South the last time that section of roadway was inspected prior to August 24, 2010. The claim file is devoid of any inspection record. Defendant's submitted "Maintenance History" shows ODOT crews patched potholes in the vicinity of plaintiff's incident on April 1, 2010, April 30, 2010, May 12, 2010, May 13, 2010, and May 27, 2010.

{¶ 3} Plaintiff filed a response disputing defendant's claim that no ODOT personnel had any knowledge of a pothole at milepost 98.16 on Interstate 71 South prior to 9:00 p.m. on August 24, 2010. Plaintiff noted that when he called defendant's office to report the pothole, he was informed by an ODOT employee that crews had been dispatched to perform patching operations in the vicinity of milepost 98.16 on Interstate 71. Plaintiff contended that ODOT "District 6 did have knowledge and was negligent in following up to make sure repair work was done." Plaintiff asserted that Interstate 71 in Franklin County has numerous unrepaired potholes. Plaintiff did not submit any evidence to establish the length of time that the pothole at milepost 98.16 on Interstate 71 South existed prior to 9:00 p.m. on August 24, 2010.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole on Interstate 71 prior to the night of August 24, 2010.

{¶ 7} Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD . Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a

reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on various occasions does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained known hazardous roadway conditions. Plaintiff failed to prove that his property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADEL H. HANNA

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

Defendant

Case No. 2010-10823-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Adel H. Hanna
170 Poplar Grove Court
Springboro, Ohio  45066

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/5
Filed 1/28/11
Sent to S.C. reporter 4/15/11